UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CRIMINAL NO. 23-mj-1215-DLC |
| v. | ) |
| | ) |
| LINDSAY GROVES, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S MOTION TO FACILITATE COURT ACCESS FOR VICTIM

Now comes the United States of America, by and through the undersigned Assistant United States Attorneys, and respectfully requests that the Court allow the detention and probable cause hearing scheduled for Thursday, July 13, 2023 at 11:00 a.m. to be broadcast by Zoom to the minor victims' parents, should they wish to attend.[1] As reason therefor, the government submits that Minor 3's mother would like to attend the hearing but works approximately 18 miles from the courthouse and is unable to be absent from work for the amount of time that would require her travel to court, attendance in person at the hearing, and return travel to her place of employment. Because of the circumstances of this case, Minor 3's father is responsible for caring for Minor 3, which prevents him from attending in person.

Under the Crime Victim's Rights Act, 18 U.S.C. § 3771, crime victims have a right not to be excluded from any public court proceeding involving the crime and the right to be reasonably heard at any public proceeding involving the release of the accused. 18 U.S.C. §§ 3771(a)(2), (3), (4). Additionally, the Act directs the government to make its best efforts to see that crime victims are accorded these rights, Id. § (c)(1), and directs the Court to "ensure that the crime victim is

---

[1] Understanding that the courtroom will be open to the public without restrictions on attendance, the government is not asking the Court to broadcast the in-person hearing via a publicly accessible link.

1

afforded" these rights.  Id. § (b)(1).  The statute also requires courts to "make every effort to permit the fullest attendance possible by the victim and [ ] consider reasonable alternatives to the exclusion of the victim from the criminal proceeding" where, for example, a victim's attendance might implicate sequestration issues.  Id. §§ (a)(3), (b)(1).  If for any reason these rights are denied, the reasons for such denial must be clearly stated on the record.  Id. § (b)(1).

At present, Minor 3's parents do not plan to speak at the detention hearing.  To be clear, they may ultimately choose *not* to attend the hearing even if virtual attendance is offered as an option.  The government merely seeks the opportunity for them to do so, at their request.  The government respectfully submits that allowing video access will provide the victim's family with the option to attend without undue burden on the Court, which is equipped to broadcast hearings over Zoom, and will not implicate the constitutional rights of the defendant, who will be present for the hearing.  The government has conferred with counsel for the defendant, who does not object to this motion.

For these reasons, and given that such relief would pose no prejudice to the defendant, the government respectfully requests that the Court allow the government's request.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

Dated: July 12, 2023    By:    /s/ Anne Paruti
Anne Paruti
Jessica L. Soto
Assistant United States Attorneys
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

      I, Jessica L. Soto, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: July 12, 2023                           /s/ *Jessica L. Soto*
                                                           Assistant United States Attorney